UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDWARD W. SUNDER, III, et al., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:05CV01153 ERW |
| ) | |
| U.S. BANK PENSION PLAN, ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Motion for Reconsideration [doc. #50].

## **I. BACKGROUND**

Plaintiffs filed suit against Defendant alleging violation of the Employee Retirement Income Security Act ("ERISA") in transferring Plaintiffs' pension plans from a traditional defined benefit pension plan to a cash balance defined balance pension plan. Defendant and Plaintiffs filed cross-motions for summary judgment. In an order dated February 16, 2007, the Court ruled in favor of Defendant and against Plaintiffs on all counts, with a single exception. The Court found that there was insufficient evidence to support a summary judgment ruling in favor of either party on the question of whether an illegally high interest rate was used to compute the Plaintiffs' lump-sum distributions, and therefore a bench trial was held on this limited question. Following the bench trial on this matter, which was held on March 14, 2007, it became clear that the computation of Plaintiffs' lump-sum distribution was not the real dispute. Rather, the parties were disputing the interest rate used to determine Plaintiffs' opening balances.

1

The Court had decided on Summary Judgment that there was no error in the computation of Plaintiffs' opening balances, as under ERISA there was no discount rate mandated for such calculation. Following the bench trial, and the briefing by the parties, the Court reversed this portion of its summary judgment ruling, and found in favor of Plaintiffs. Specifically, this Court held that Defendant was required to use the statutorily mandated interest rate in calculating the opening balance as well as the lump-sum distribution. Defendant now seeks relief from that judgment in the form of a Motion for Reconsideration.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) states that a party may receive relief from the judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). There is no time limit on filing a motion for relief from judgment under Rule 60(b).

## III. DISCUSSION

As an initial matter, the Court addresses Defendant's request for oral argument. The Court has reviewed the parties comprehensive briefing in this case,[1] and does not believe that oral

---

[1] The Court notes that Plaintiffs filed a second response in opposition to Defendant's Motion to Reconsider. As the Defendant correctly pointed out, this was not in accordance with the local rules. Plaintiff was required to ask for leave to file a sur-reply. Local Rule 7- 4:01(C) ("Additional memoranda may be filed by either party only with leave of Court."). However, the Court will review Plaintiffs' additional memorandum, as Defendant was given the opportunity to respond to Plaintiffs' sur-reply.

arguments are required. The question before the Court is clearly framed: does the use of an eight percent discount rate in calculating opening balances violate ERISA? Furthermore, the Court thoroughly discussed this issue in its judgment following the bench trial of this case, and therefore, only a limited discussion is required here. The Court will not repeat its previous analysis.

Defendant asserts that this Court incorrectly held that the statutory discount rate is applicable to calculating opening balances when converting a traditional defined benefit plan to a cash balance defined benefit plan. Plaintiffs' respond that under the terms of ERISA, and the plan's own terms, the Defendant was obligated to protect all accrued benefits, and that by using a discount rate higher than the statutory rate in calculating opening balances, the Defendant improperly reduced accrued benefits.

In support of their position, the Defendant relies heavily upon a GAO Report entitled *Implications of Conversions to Cash Balance Plans*. GAO Report to Congressional Requesters, September 2000 at 29-30.[2] That report states, in pertinent part, that "[p]lan sponsors can set the oping balances with any discount rate and set of mortality assumptions they chose." *Id.* This is the sentence upon which the Defendant relies. However, the proceeding sentence states that "current federal law does not govern how plan sponsors set opening hypothetical account balances for cash balance plans, *provided that* a plan ensures that participants do not receive less than the present value of prior accrued benefits." *Id.* Defendant adamantly argues that their methodology of setting opening account balances was lawful, as their formula provided that a participant be paid the greater of the cash balance or the accrued benefit, thereby protecting a

---

[2]The Defendant did not cite this in their original briefing before the Court, nor did they reference it in the Bench Trial. However, the Court recognizes that there was some confusion regarding the subject matter of the Bench Trial, due to this Court's erroneous Summary Judgment ruling. Therefore, the Court will consider this additional evidence submitted by the Defendant. However, the Court does not believe that it impacts the Court's decision.

participant's accrued benefit in accordance with ERISA. This analysis is flawed, namely because the plan terms equated opening balances with accrued benefits. The definitions provided in the plan of opening balances and accrued benefits, make clear that the opening balance was intended to represent the accrued benefit and subsequently the lump-sum distribution. Therefore, the Defendant acted to reduce accrued benefits by setting opening balances lower than the accrued benefit, as calculated using the terms of the statute.

While the Court recognizes that this result may not follow in all plans that change from a traditional defined benefit plan to a cash balance defined benefit plan, the Defendant can not avoid this result in the case at bar. There is no provision in the terms of the new plan to ensure that participants accrued benefits are protected. In equating the opening balance with the accrued benefit, the Defendant was required to use the statutorily mandated discount rate to protect the participants' retirement benefits.

## IV. CONCLUSION

The original order entered by this Court on September 24, 2007 is affirmed and Defendant's motion for reconsideration is denied. Defendant unlawfully amended Plaintiffs' retirement plans, by reducing their accrued benefits under the old plan in the calculation of the opening balance of the new plan. Defendant shall file with this Court, for this Court's approval, a copy of the computations ordered in this Court's September 24, 2007 order, no later than November 9, 2007. In accordance with this Court's order on Plaintiff's Motion for Extension of Time, Plaintiffs' Motion for Attorneys' Fees and Costs shall be filed within fourteen (14) days of this Court's final order on the amount of Plaintiff's damages.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration [doc. #50] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant shall file with this Court, for this Court's approval, a copy of the computations ordered in this Court's September 24, 2007 order, no later than November 9, 2007.

Dated this 30th Day of October, 2007.

                                          E. RICHARD WEBBER
                                          UNITED STATES DISTRICT JUDGE