UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDWARD W SUNDER III, et al., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:05CV01153 ERW |
| ) | |
| U.S. BANK PENSION PLAN, ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Motion to Amend Judgment and for Leave to Conduct Limited Discovery [doc. #67].

**I. BACKGROUND**

Plaintiffs filed suit against Defendant on July 25, 2005, alleging violations of ERISA for impermissibly reducing vested pension benefits, and for discrimination on the basis of age. All of Plaintiffs' allegations stemmed from Defendant's conversion from a traditional defined benefits plan to a cash balance defined benefit plan. The Parties filed cross motions for summary judgment, and on February 16, 2007, this Court Denied Plaintiffs' Motion and granted in part and denied in part Defendant's Motion. On March 14, 2007, this Court held a bench trial on the remaining issues. The Court issued a ruling on September 24, 2007, reversing in part its previous order on Defendant's motion for summary judgment, and granting relief to Plaintiffs. The Court ordered that the Defendant provide this Court, within thirty days of the date of the judgment, a copy of the computation of damages. The Defendant filed a motion for reconsideration which was denied, and subsequently filed a computation of damages. This Court adopted that

1

computation, and entered a judgment in accordance therewith, in the amount of $201,310.11 to Plaintiff Edward W. Sunder, III, and $144,736.84 to Plaintiff Louis R. Jarodsky. Following the entry of that Judgment, Plaintiffs have filed a Motion to Amend the Judgment and for leave to conduct limited discovery, which is currently pending before the Court.

## II. LEGAL STANDARD

Rule 59 of the Federal Rules of Civil Procedure allows for the amendment of a judgment, within ten days of the date of entry. Fed. R. Civ. P. 59(e). This rule "was adopted to make clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 450 (1982) (internal citation omitted).

## III. DISCUSSION

Plaintiffs seek to amend the judgment, on the basis that Defendant incorrectly calculated damages.[1] Defendant disputes that any error in calculating damages was made. There are three main issues that the Parties raise regarding the damages awarded by this Court.[2] The first is the

---

[1]The Court recognizes that the Defendant followed this Court's order by using the January 1, 1999 date, and applying a uniform interest rate. However, the Court had incorrectly stated the date of the original opening balances, and had failed to consider the need to calculate interest differently between the time the plan was in effect, and the time from the lump sum payout until the date of judgment.

[2]Defendant, for the first time in its response in opposition to Plaintiffs' motion to amend, raises the issue of damages being inappropriate under ERISA. Defendant is correct that under 29 U.S.C. § 1132(a)(3), which states: "a participant, beneficiary, or fiduciary" is empowered to bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter[,]" damages are not permitted. *See Mertens v. Hewitt Assoc.*, 508 U.S. 248, 255 (1993) (Holding that the term "other equitable relief" precludes the award of "compensatory or punitive damages."). However, Plaintiffs did not bring suit under 29 U.S.C. § 1132(a)(3); Plaintiffs filed suit under 29 U.S.C. § 1132(a)(1)(B), which states that "[a] civil action may be brought --(1) by a participant or beneficiary-- . . .(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of

2

date from which the computation was to be made. The second, is the applicable prejudgment interest for the time between the date of the initial payout under the plan and the entry of judgment. The third, is the addition of pay and interest credits for the years 1999 and 2000. The Court will address each, in turn.

This Court's September 24, 2007 order, stated that "Defendant U.S. Bank Pension Plan will pay Plaintiffs the difference between the original computation, and the new computation using the statutory interest rate, and interest on such sum from the date of conversion, January 1, 1999, until the date of this judgment." Defendant points out in its reply memorandum in opposition to Plaintiffs' motion to amend the judgment, that the original opening balances were calculated as of January 1, 1998. This Court was in error in ordering that the new calculations be done as of January 1, 1999, and should have ordered that the calculations be performed as of January 1, 1998. The Court amends its judgment accordingly.

The second issue to be decided is the interest rate to be used in calculating interest on the difference between the date of the recalculation, January 1, 1998, and the date of the Judgment, September 24, 2007. Defendant asserts that a 4.513% rate is applicable as it was the interest rate applicable under 28 U.S.C. § 1961, as of January 1, 1999. Plaintiffs assert that the interest rate applicable under the plan, which guarantees at least 5.5%, should be used from the period of the date of the calculation of the opening balance, to the date of the cash payout, October 31, 2000, and that the statutory rate, under either Missouri law or federal law, should be used from November 1, 2000 through the date of judgment.

---

the plan, or to clarify his rights to future benefits under the terms of the plan . . .." The issue before the Court is the amount of back benefits to which Plaintiffs are entitled, which were wrongfully reduced by the Defendant's amendment of the plan. Therefore, the use of the term damages is appropriate.

The Court agrees with Plaintiffs that the applicable rate under the terms of the plan should be used from the date of recalculation, January 1, 1998, to the date of payout. This would have been the amount of interest Plaintiffs received, had the Defendant correctly calculated the opening balance initially. Defendant shall make this calculation in accordance with the terms of the plan. The interest rate to be used from November 1, 2000 through September 24, 2007, is the statutory interest rate, set forth in 28 U.S.C. § 1961.[3] That section states:

> (a) Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calender week proceeding. [sic] the date of the judgment. (b) Interest shall be computed daily to the date of payment . . ., and shall be compounded annually.

28 U.S.C. § 1961(a) & (b). Plaintiffs state that the rate immediately proceeding the payment of the lump sum amount on October 31, 2000 was 5.95%. Therefore, this rate shall be used to calculate interest from the date of the lump sum payout until the date judgment was entered.

The third issue is the addition of interest and pay credits for 1999 and 2000. Defendant argues that these credits were already provided to the Plaintiffs in their initial cash pay out. The Court agrees with the Defendant. The interest and pay credits were accounted for in Plaintiffs' initial lump sum payout. The amounts to be adjusted are the original opening balances, and then interest calculations based on the additional opening balance sum. It is not necessary for Defendant to add any additional interest or pay credits to this amount.

## IV. CONCLUSION

The Court concludes that it erroneously ordered that Defendant recalculate the opening balance from January 1, 1999. The Court amends its order to provide that the recalculation

---

[3]The Court does not believe it is appropriate to use the Missouri statutory rate, as this was a case brought under federal substantive law.

should be done based on the date of the original conversion, January 1, 1998. Defendant shall then subtract that recalculated amount, from the original opening balance calculation. The Court further finds that Defendant shall use the interest rate applicable under the terms of the plan, for the period from 1998 until withdrawal from the plan, October 31, 2000. For the period from November 1, 2000 until September 24, 2007, Defendant shall use the appropriate statutory interest rate found in 28 U.S.C. § 1961, which for the time in question was 5.95%. Lastly, the Court finds that Defendant did not erroneously fail to include interest and pay credits from 1999 and 2000. These payments were made to Plaintiffs in their original payout on October 31, 2000. In addition, the Court concludes that additional discovery is not required. The Court has considered the arguments put forth by the parties regarding damages, and additional information is unnecessary.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Amend the Judgment and for Limited Discovery [doc. #67] is **GRANTED in part** and **DENIED in part**. The Court's September 24, 2007 order is amended in so far as it reads that the date of conversion was January 1, 1999. The order now reads: from the date of conversion, January 1, 1998, until the date of judgment. It is further amended to apply the interest rates set forth above. Plaintiffs' Motion is denied with respect to their request for limited discovery.

**IT IS FURTHER ORDERED** that Defendant shall recalculate the damages from January 1, 1998, using the interest rates set forth above, and submit their calculation to the Court within fifteen (15) days. Plaintiffs will have five (5) days to file any objections to Defendant's amended calculation.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to Submit Reply to Defendant's Sur-Reply [doc. #73] is **DENIED**.

Dated this 6th Day of December, 2007.

                                                                                        _____
                                                                                        E. RICHARD WEBBER
                                                                                        UNITED STATES DISTRICT JUDGE