UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDWARD D. SUNDER,<br>LOUIS R. JARODSKY,<br> Plaintiff(s),<br><br>vs.<br><br>U.S. BANK PENSION PLAN,<br><br> Defendant(s). | )<br>)<br>)<br>)<br>) Case No. 4:05CV01153 ERW<br>)<br>)<br>)<br>) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion for an Award of Attorney's Fees, Expenses and Costs [doc. #82].

## I.    PROCEDURAL HISTORY

Plaintiffs Edward Sunder III and Louis R. Jarodsky filed suit against multiple defendants alleging Defendants violated the following provisions of the Employee Retirement Income Security Act ("ERISA"): 29 U.S.C. § 1054(b)(1)(H), ERISA's anti-age-discrimination provision; 29 U.S.C. § 1054(b)(1)(B), ERISA's anti-backloading provisions; 29 U.S.C. 1054(h), ERISA's notice requirement for plan amendments; and 29 U.S.C. 1054(g), ERISA's vesting requirements.[1] The Court granted summary judgment for all Defendants on all claims, with the exception of Defendant U.S. Bank Pension Plan ("Defendant") on Plaintiffs' claim that Defendant violated ERISA's vesting requirements regarding the calculation of Plaintiff's lump-sum payout. At trial, the Court determined that there was no ERISA violation in calculating Plaintiffs' lump-sum distribution, however, the Court reconsidered its previous ruling regarding the calculation of

---

[1] Plaintiffs challenged both the calculation of the opening balances when the plan was changed from a traditional defined benefit plan to a cash balance defined benefit plan, and the amount of the lump-sum payouts they received.

Plaintiffs' opening balances.[2] The Court held that it had erred in its previous judgment and reversed the Court's summary judgment order issued on February 16, 2007, finding in favor of Plaintiffs on their claim that Defendant was required to use the statutory interest rate in determining Plaintiffs' opening balances when Defendant transitioned from a traditional defined benefit plan to a cash balance defined benefit plan. The Court ordered Defendant to pay damages in the amount of $50,353.89 plus pre-judgment interest at the rate of 5.95% for the period from November 1, 2000 to September 24, 2007 for Plaintiff Jarodsky, and $69,769.57 plus pre-judgment interest at the rate of 5.95% for the same period for Plaintiff Sunder. On April 9, 2008, Plaintiffs filed a motion for an award of attorney's fees, expenses and costs. That motion is now fully briefed and the Court will address it at this time.

## II. BILL OF COSTS

### A. LEGAL STANDARD

Under ERISA section 1132(g)(1) costs are recoverable by a party at the discretion of the court. Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." Fed. R. Civ. P. 54(d). Pursuant to 28 U.S.C. § 1920, costs may be taxed for:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

---

[2] As Detailed in the Court's order following the non-jury trial, these two questions are closely related.

2

28 U.S.C. § 1920. The Court may not award costs other than those authorized by § 1920 because this section "imposes rigid controls on cost-shifting in federal courts." *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (internal quotation omitted); *see also Emmenegger v. Bull Moose Tube Co.*, 33 F. Supp. 2d 1127, 1132-33 (E.D. Mo. 1998) (discussing costs under ERISA). Upon objection by the opposing party as to authorized costs, however, the Court may exercise its discretion to grant or deny costs. *Pershern v. Fiatallis North America, Inc.*, 834 F.2d 136, 140 (8th Cir. 1987). There is no requirement that the prevailing party be awarded costs under Rule 54(d) or ERISA § 1132(g)(1).

**B.     DISCUSSION**

The Court finds that Plaintiffs are entitled to an award of costs pursuant to ERISA § 1132(g), 28 U.S.C. § 1920, and Fed. R. Civ. P. 54(d).[3] For costs to be shifted pursuant to Federal Rule 54(d), a party must be a prevailing party. *See Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992). A plaintiff is a prevailing party if he receives "actual relief on the merits of his claim [that] materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id*. Although Plaintiffs did not prevail on all of their claims, Plaintiffs did succeed on one of their claims which provided them with actual relief on the merits and required the Defendant to modify its computation of Plaintiffs' retirement benefits. *Id*.; s*ee also Leonard v. Southwestern Bell Corp. Disability Income Plan*, 408 F.3d 528, 532 n. 3 (8th Cir. 2005) (Plaintiff "changed the legal relationship between herself and the plans, and she won over $20,000. This suffices to make [plaintiff] a prevailing party.").

---

[3]Plaintiffs motion for an award of attorney's fees, costs and expenses, distinguishes between costs and expenses, however, expenses, as claimed by Plaintiffs, are considered costs under 28 U.S.C. § 1920 and will be treated as such by the Court.

Plaintiffs' itemized list of requested costs include only those costs that are permitted under § 1920 and which courts have historically awarded under the Federal Rules. Plaintiffs seek: $515.10 for photocopies of Defendant's motion for summary judgement, files, and various other documents necessarily obtained for use in the case,[4] *See Emmenegger*, 33 F. Supp. 2d at 1133-34 (discussing photocopies as permissible costs "when 'necessarily' obtained for 'use in the case.'"); $336.60 for fees of the court reporter for part of the transcript; $197.00 for court filing fees paid to the clerk of the court; $604.90 for depositions of witnesses; and $65.80 for the service of a subpoena. Defendant does not contest any of Plaintiffs' requested costs, with the exception of the cost of the deposition for Plaintiffs' expert witness, Mr. Poulin. Defendant argues that Plaintiffs are not entitled to costs for expenses incurred for expert witness Mr. Poulin, because Mr. Poulin essentially agreed with Defendant on the one claim on which Plaintiffs prevailed. However, the Court finds that Mr. Poulin clearly aided Plaintiffs in prosecuting their claim, and that his testimony did not corroborate the Defendant's position. The Court finds that the costs asked for by Plaintiffs are permitted under ERISA § 1132(g)(1), 28 U.S.C. § 1920, and Federal Rule 54(d). Defendant shall pay Plaintiffs' costs in the amount of $1,719.40.

## III. ATTORNEY'S FEES

### A. LEGAL STANDARD

Pursuant to 29 U.S.C. § 1132(g)(1) "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party" in a civil action brought to enforce ERISA provisions other than those described in ERISA § 1145. 29 U.S.C. § 1132(g)(1) (2000). While ERISA clearly allows for an award of attorney's fees, within the Eighth Circuit there is no

---

[4]On Plaintiffs' itemized list of expenses, Plaintiffs' counsel lists 45 copies on December 5, 2007 for a total cost of $450.00. This should read $4.50 (45 copies at $0.10 each). The Court has adjusted the requested costs accordingly.

presumption in favor of an award of fees in an ERISA action. *See Starr v. Metro Sys., Inc.*, 461 F.3d 1036, 1041 (8th Cir. 2006) (*citing Martin v. Arkansas Blue Cross & Blue Shield*, 299 F.3d 966, 972 (8th Cir. 2002)). However, "ERISA is remedial legislation which should be liberally construed to effectuate Congressional intent to protect employee participants in employee benefit plans." *Starr*, 461 F.3d 1040 (8th Cir. 2006) (*quoting Welsh v. Burlington N., Inc., Employee Benefits Plan*, 54 F.3d 1331, 1342 (8th Cir. 1995)). A district court, in considering a motion for attorney's fees pursuant to ERISA, "should therefore apply its discretion consistent with the purposes of ERISA, those purposes being to protect employee rights and to secure effective access to federal courts." *Id*. "[A]lthough there is no presumption in favor of attorney's fees in an ERISA action, a prevailing plaintiff *rarely* fails to receive fees." *Starr*, 461 F.3d at 1041 (*citing Martin*, 299 F.3d at 972) (emphasis added).

The Eighth Circuit in *Lawrence v. Westerhaus* identified five factors to be considered by the district court when deciding whether to exercise its discretion in awarding attorney's fees under ERISA. 749 F.2d 494, 495-96 (8th Cir. 1984). Those five factors are:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties could deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal qeustion [sic] regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Id*. at 496 (*citing Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980)). "These factors are by no means exclusive or to be mechanically applied . . . . [A] mechanical application of the factors may serve to undermine 'both the substantive purpose of ERISA and the discretion vested in the courts to carry out that purpose.'" *Martin*, 299 F.3d at 972 (*quoting Eddy v. Colonial Life Ins. Co. of America*, 59 F.3d 201, 203 (D.C. Cir. 1995)); *see also Beatty v.*

5

*N. Central Companies, Inc.*, 282 F.3d 602, 605 (8th Cir. 2002) (Holding that "a district court is not required to consider all factors in every case.").

Once a district court arrives at the conclusion that a fee award is proper, the court must then determine an appropriate amount to be awarded. *See Geissal ex rel. Estate of Geissal v. Moore Med. Corp.*, 338 F.3d 926, 934-36 (8th Cir. 2003). The United States Supreme Court has set forth the appropriate starting point for determining reasonable attorney's fees as "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This method is more commonly known as the "lodestar method." *Id*. A court may reduce its initial fee calculation when hours claimed are inadequately documented and a court should exclude hours that were not "reasonably expended." *Id*. at 433-34 (*quoting* S. Rep. No. 94-1011, at 6 (1976)). Hours not reasonably expended include those that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Whether a court should adjust a fee upward or downward depends largely on the "results obtained." *Id*. "A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Geissal*, 388 F.3d at 936 (*quoting Hensley*, 461 U.S. at 440) (Applying the *Hensley* Court's reasoning regarding section 1988 attorney's fees to claims for attorney's fees under ERISA.). "This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Hensley*, 461 U.S. at 436. A court making an equitable judgment for awarding attorney's fees "may attempt to identify specific hours that should be eliminated, or it may simply reduce that award to account for the limited success." *Id*. at 436-37.

**B.    DISCUSSION**

The fee shifting provision of ERISA § 1132(g) allows the Court, in its discretion, to award attorney's fees, expenses and costs to a party, when a suit is brought in order to enforce the provisions of ERISA. The discretion of the Court in determining whether attorney's fees should be awarded is guided by the *Westerhaus* factors. *See Starr*, 461 F.3d at 1041. If the Court does determine that an award of attorney's fees is appropriate then the Court must make a determination as to the amount that should be awarded to Plaintiffs. *Estate of Geissal*, 388 F.3d at 935. The Court will first address the propriety of attorney's fees in this case, and having concluded that attorney's fees are appropriate, will then consider whether the amount should be reduced to reflect Plaintiffs' limited success in the litigation of their claims as a whole.

1. **Propriety of awarding attorney's fees**

The Court must first address whether attorney's fees are appropriate in this case before it can determine whether the fees requested are reasonable. Plaintiffs contend that all five *Westerhaus* factors weigh in their favor, therefore, the Court should award the full amount of attorney's fees requested in Plaintiffs' motion. Defendant challenges Plaintiffs' contention, arguing that all five *Westerhaus* factors actually weigh in their favor. While the Court does not find the factors to weigh exclusively in favor of either party, Plaintiffs are correct that, when taken as a whole, the *Westerhaus* factors favor an award of attorney's fees.

i. **The degree of culpability or bad faith of the opposing party**

On January 1, 1998 Defendant converted its traditional defined benefit plan for employees to a cash balance defined benefit plan, and in so doing, Defendant calculated an opening balance for each employee's hypothetical cash balance account. In converting from the old employee benefit plan, Defendant applied a non-statutory discount rate to determine Plaintiffs' opening balances under the new plan. The Court concluded that Defendant's actions "unlawfully amended

7

Plaintiffs' retirement plans by reducing Plaintiffs' accrued benefits under the old plan in the calculation of the opening balance of the new plan." Prior to this Court's September 24, 2007 ruling there was no guidance within the Eighth Circuit regarding the appropriate method of transitioning from a traditional defined benefit plan to a cash balance plan. However, guidance found in sister circuits suggested the unlawfulness of Defendant's actions, *see Esden v. Bank of Boston*, 229 F. 3d 154, 164 (2nd Cir. 2000), as did the intent behind the passage of ERISA, *see* 29 U.S.C. § 1001 (declaring the policy of ERISA to protect the interests of employees by assuring the equitable character of such plans). Although Defendant rightly suggests that Plaintiffs have submitted no evidence to support a claim that Defendant acted intentionally or in bad faith to divest Plaintiffs of benefits that they were legally entitled to, they did act to reduce their pension liability. Defendant knew that Plaintiffs' benefits would be reduced when Plaintiffs' retirement plan was changed from the old plan to the new plan. Defendant may have believed that its arbitrary selection of a discount rate was a lawful under ERISA, however, the purpose of ERISA and the reasoning applied by the *Esden* court indicate otherwise. 229 F.3d at 164. The Court finds that Defendant acted without regard to Plaintiffs vested benefits by applying a higher discount rate than that which was authorized under ERISA, placing a high degree of culpability on Defendant. Therefore, the Court finds that the first factor, culpability of the Defendant, weighs in favor of awarding Plaintiffs attorney's fees.

### ii. The ability of the opposing party to pay attorney's fees

Plaintiffs assert, and Defendant does not challenge, that Defendant has the ability to pay Plaintiffs' attorney's fees. However, the ability to pay attorney's fees carries less weight than the other *Westerhaus* factors. *See Cont'l Assurance Co. v. Cedar Rapids Pediatric Clinic*, 957 F.2d 588, 595 (8th Cir. 1992) ("The ability to satisfy a fee award is not relevant when the other factors

dictate against awarding fees."). The Court finds that Defendant does have the ability to pay Plaintiffs' attorney's fees, and will give this factor appropriate weight in determining a fee award.

> iii. **Whether an award of attorney's fees against the opposing party might have a future deterrent effect under similar circumstances**

Awarding attorney's fees has a self-evident deterrent effect against a party acting in violation of ERISA, by increasing the cost of such violation in similar circumstances. *See Gatlin v. Nat'l Healthcare Corp.*, 16 Fed. Appx. 283, 290 (6th Cir. 2001). In this case, while Defendant sought to minimize its retirement benefits liability, it did not clearly intend to violate the provisions of ERISA. An award of attorney's fees encourages actors to examine carefully their obligations under the law, before altering such plans to their benefit. As detailed in this Court's summary judgement ruling, the application of ERISA to defined benefit cash balance plans is not an easy task, as they do not easily fit within the rules of the statute. As these types of plans become more prevalent, their administration in accordance with ERISA will become less of a hardship. The Court concludes in this case that due to Defendant's lack of intent to unlawfully divest participants of benefits, and the complexities of ERISA, an award of attorney's fees will not serve as a strong deterrent beyond that which is naturally inherent in a fee shifting statute. This is a neutral factor in the analysis.

> iv. **Whether the party requesting attorney's fees sought to benefit all participants and beneficiaries of a plan or to resolve a significant legal question regarding ERISA itself**

The Court finds that the Plaintiffs' primary purpose in bringing suit was to recover benefits that they had accrued and to which they believed they were entitled. Plaintiffs, in their brief in support of their motion for an award of attorney's fees, admit that they did not intend to benefit all participants and beneficiaries of the plan. However, under the fourth *Westerhaus* factor,

9

Plaintiffs' subjective intent in filing suit is not dispositive. *See Eddy*, 59 F.3d at 209 (Holding that the "benefit-to-others is an objective factor, and the subjective intent of the plaintiff in filing suit is irrelevant."); *see Christianson v. Poly-America, Inc. Medical Benefit Plan*, 412 F.3d 935, 941 (8th Cir. 2005) (The court looked only to Plaintiff's objective intent and not to Plaintiff's subjective state of mind in determining whether the fourth *Westerhaus* factor weighed in favor of Plaintiff); *see also Fletcher-Merritt v. NorAm Energy Corp.*, 250 F. 3d 1174, 1181 (8th Cir. 2001); *Maune v. Int'l Brotherhood of Elec. Workers, Local No. 1, Health and Welfare Fund*, 83 F.3d 959, 963 (1996).

The claim on which Plaintiffs prevailed has resolved the question of whether the discount rate articulated in the Internal Revenue Code, 26 U.S.C. § 417(e)(3), is applicable to the calculation of an opening balance when changing from a traditional defined benefit plan to a cash balance defined benefit plan. Plaintiffs' suit, thereby, benefits all plan participants, who were subject to the transition from the old plan to the new plan, by ensuring that all affected participants receive all vested benefits. The Court finds that Plaintiffs' suit has benefitted others, therefore, the fourth *Westerhaus* factors weighs in favor of an award of attorney's fees to Plaintiffs.[5]

### v. The relative merits of the parties' positions

Contrary to Defendant's contention, the relative merits of the parties' positions regarding the 1054(g) claim as to whether a plan administrator must apply the statutory discount rate to an

---

[5]The fourth *Westerhaus* factor is stated in the alternative; as the Court has determined that Plaintiffs actions benefitted all plan participants, it is unnecessary to address whether Plaintiffs sought to resolve a significant legal question. However, the Court briefly notes that the question of age discrimination under ERISA, as well as the appropriate method of calculating opening balances when transitioning to a cash balance plan, were both complex and significant legal questions necessitated by the advent of cash balance defined benefit plans. This lends further support to an award of attorney's fees in Plaintiffs' favor.

opening balance when converting to a cash balance plan clearly weighs in Plaintiffs' favor, as Plaintiffs prevailed on this claim. With regards to Plaintiffs suit in its entirety, though, Defendant prevailed on four of the five claims asserted by Plaintiffs, including the most significant, whether cash balance defined benefit plans violate ERISA's age discrimination protections. However, losing a claim does not mean the claim was without merit. *See Dunn v. GE Group Life Assurance Co*, 2007 WL 1944352, *3 (N.D. Tex. June 25, 2007) ("[T]he mere fact that Defendants did not prevail in this action does not mean that their position was wholly lacking in merit."). None of Plaintiffs' claims were meritless, frivolous ventures. Each of Plaintiffs' claims were more than a colorable argument and required the Court to review the merits of each. On Plaintiffs' age-discrimination and improper discount rate claims there were no prior decisions within the Eighth Circuit to shed light on the issues. Although Defendant prevailed on more claims in the end, the number of claims on which Defendant and Plaintiffs prevailed relative to one another goes to the question of whether fees should be adjusted and not to the appropriateness of a fee award. The Court finds that the merits of Plaintiffs' position, relative to Defendant's, weigh in favor of an award of attorney's fees to Plaintiffs.

After reviewing the record and applying the *Westerhaus* factors, the Court finds that Plaintiffs should be awarded attorney's fees. However, the inquiry does not end here as this is only the first step in the two-part analysis for awarding attorney's fees pursuant to ERISA § 1132(g). *See Todd v. AIG Life Ins. Co.*, 47 F.3d 1448, 1459 (5th Cir. 1995). The court must also consider whether Plaintiffs' motion for an award of attorney's fees should be granted in full or whether the award should be adjusted downward.

    **2.**    **Adjustment of fees**

The appropriate starting point for determining an award of attorney's fees is to determine the lodestar amount. *See Hensley*, 461 U.S. at 433; *see also Brown v. Aventis Pharmaceuticals, Inc.*, 341 F.3d 822, 829 (8th Cir. 2003) (The Eighth Circuit founf it appropriate to apply the lodestar method in determining attorney's fees under ERISA). Here Plaintiffs' attorney claims an hourly rate of $250.00 per hour for 391.75 hours worked, for a total of $97,937.50. Defendant does not challenge Plaintiffs' requested hourly rate, and the Court finds that the hourly rate requested by Plaintiffs is reasonable for an attorney of Mr. Belz' caliber and experience within the St. Louis legal market.

Once the lodestar amount has been determined, a court should reduce fees where the hours spent on litigating the case were not reasonably expended such as where an attorney's work is "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Defendant contends that several of the hours expended by Plaintiffs' counsel were unnecessary and that the award of attorney's fees should be reduced accordingly. The Court will address each of Defendant's arguments in turn.

The first argument by Defendant is that fees associated with Plaintiffs' expert, Mr. Poulin, should be denied because (a) Mr. Poulin agreed with Defendant on the one claim on which Plaintiffs prevailed and (b) the remainder of Mr. Poulin's report was rejected by the Court. As the Court held above in discussing Plaintiffs' requested costs, a review of the record indicates that Defendant's assertion that Mr. Poulin agreed with the Defendant on the issue of the appropriate discount rate applicable to an opening balance calculation when converting to a cash balance defined benefit plan, misconstrues Mr. Poulin's opinion on the issue. *See* Defendant's Exhibit G. Mr. Poulin never agreed with either Plaintiffs or Defendant on the single issue of whether Defendant violated ERISA § 1054(g), rather Mr. Poulin was explaining the process Defendant

12

used in calculating opening balances under the new plan, specifically that Defendant used a non-statutory discount rate. The Court recognizes that not all of the opinions presented by Mr. Poulin were adopted by the Court, however, Plaintiffs were not unreasonable in employing Mr. Poulin, and the expenses incurred as a result are therefore recoverable.

Defendant also argues that hours expended interviewing expert witness, Dr. Mark Johnson, who did not testify at trial are not reasonably taxed to Defendant. This argument also fails as Plaintiffs' attorney's initial inquiries with an ERISA expert who ultimately did not testify at trial, were reasonable expenditures of time and effort by Plaintiff's attorney. *See Whalen v. Unit Rig, Inc.,* 974 F.2d 1248, 1254 (10th Cir. 1992) (Finding the expenditure of time spent working with a statistical expert who did not testify at trial was reasonable); *Morgan v. District of Columbia*, 824 F.2d 1049, 1067 (D.C. Cir. 1987) ("[T]ime spent by [Plaintiff's] counsel securing and conferring with a correctional expert who did not testify" were reasonable expenditures of time). To grant Defendant's request to limit these expenditures of time and effort would hamper not only Plaintiffs' ability to make well-informed pleadings, arguments, and decisions in the case at hand, but would also set an improper precedent in this Court of denying litigants the ability to put on the best case possible. The expenses incurred interiewing Dr. Johnson were reasonable.

The Court finds that the itemized list of attorney's fees provided by Plaintiffs is adequately specific and that all hours were reasonably expended in prosecuting Plaintiff's case. Although Defendant's challenge to specific hours is rejected by the Court, Plaintiffs' award for attorney's fees must be adjusted downward due to the limited success obtained by Plaintiffs. *See Hensley*, 461 U.S. at 434. An award of attorney's fees should be reduced "if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Geissal*, 388 F.3d at 936. "This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and

raised in good faith." *Hensley*, 461 U.S. at 436. A court should not approach the issue by reducing a party's award based on a mathematical proportionality of "comparing the total number of issues in the case with those actually prevailed upon." *Id*. at 435. Rather, a court, in assessing a reduction of an award for attorney's fees "may attempt to identify specific hours that should be eliminated, or it may simply reduce that award to account for the limited success." *Id*. at 436-37. The Court has already determined that all attorney's fees charged by Plaintiffs' attorney were reasonable, and will now determine what percentage of those fees are properly awarded. *Cf. Geissal*, 338 F.3d at 935-36.

In determining how much of a reduction is appropriate, the Court considers the *Westerhaus* factors discussed above, as well as other relevant factors such as the amount of recovery, the proportion of the amount recovered compared to the amount of attorney's fees requested, and the number of original parties that Plaintiffs prevailed against. *See Griffin v. Jim Jamison, Inc.* 188 F.3d 996, 997-98 (8th Cir. 1999); *Geissal*, 338 F.3d at 935-36. Though Defendant believed it was acting within the law, Defendant remains culpable for their actions because Defendant acted to divest Plaintiffs of accrued benefits that they would have received under the old plan, by applying an unlawful discount rate to Plaintiffs' opening balance. *See Martin*, 299 F.3d at 970 n. 4. Additionally, Defendant clearly has the ability to pay the requested attorney's fees. Although Plaintiffs may not have brought this action to benefit all plan participants, a benefit to other plan participants has occurred as a result of Plaintiffs' suit. *See Christianson*, 412 F.3d at 941. Furthermore, Plaintiffs' suit provided this Court with the opportunity to address a number of significant legal questions with regard to cash balance defined benefit plans under ERISA. *Id.* Plaintiffs' are the prevailing party in this action, and even those claims on which they did not prevail, Plaintiffs' position was not without merit. *See Geissal*, 338

F.3d at 935. However, it is significant that Plaintiffs prevailed on only one of their five claims. In light of *Hensley*, this final point carries the greatest weight in determining the amount of attorney's fees that Plaintiffs should be awarded. *See Hensley*, 461 U.S. at 434-36 ("[T]he district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation."). Viewing the litigation as a whole, and analyzing the result obtained by Plaintiffs, the Court finds it equitable to reduce Plaintiffs' award of attorney's fees to $32,645.83, one-third of the original amount requested. The Court finds that such a reduction furthers the purpose of ERISA in acting as remedial legislation "to protect employee rights and to secure effective access to federal courts," *Starr*, 461 F.3d at 1040, while simultaneously meeting the Eighth Circuit's mandate that reduced attorney's fees be awarded when a plaintiff only meets with limited success "in comparison to the scope of litigation as a whole." *Geissal*, 388 F.3d at 936.

## IV. CONCLUSION

The Court concludes that Plaintiffs are entitled to $1,719.40 in costs under Rule 54(d) and ERISA § 1132(g). Plaintiffs are also entitled to attorney's fees in the amount of $250.00 per hour. Mr. Belz' billed hours of 391.75 were reasonably expended. However, Plaintiffs' limited success on their claims in comparison to the litigation as a whole requires a reduction in attorney's fees by two-thirds. As a result, Plaintiffs are entitled to attorney's fees in the amount of $32,645.83.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for an Award of Attorney's Fees, Expenses and Costs [doc. #82] is **GRANTED in part** and **DENIED in part**. Defendant shall pay Plaintiffs' costs in the amount of $1,719.40 and attorney's fees in the amount of $32,645.83.

Dated this 30th Day of July, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE